# CIRCUIT COURT OF AMHERST COUNTY

Howard G. Snead
and Melissa B. Snead

v.

Strother Wayne Snead

February 24, 2016

Case No. CL15009367-00

BY JUDGE MICHAEL T. GARRETT

This letter is to set forth the Court's ruling in the above-referenced matter after consideration of the testimony as presented as well as the legal authority submitted by counsel.

## Facts

The Plaintiffs herein own land adjoining a larger parcel owned by the Defendant. The male Plaintiff is the nephew of the Defendant. The male Plaintiff testified that, in 2005, he wished to add an addition to the side of his home. Upon contacting the County for a Building Permit, the male Plaintiff learned that such an addition would violate the fifty-foot setback line. Therefore, it would be necessary for him to acquire property from the Defendant.

The Plaintiff testified he approached the Defendant and asked him to sell a portion of Defendant's land to allow them to add onto their home without violating the setback requirements. Plaintiff testified that the Defendant told him he would not sell it to him, but rather he would give it to him. Plaintiff testified that he and the Defendant discussed a boundary line adjustment for the gift. Thereafter, the Plaintiff contacted a surveyor who came to the property and installed pins. The Plaintiff obtained a Building Permit from the County of Amherst, which was issued on September 9, 2005. (Plaintiff's Exhibit 2.) Plaintiff testified that he began construction of the foundation immediately after the Building Permit was obtained and before the final plat was completed.

Plaintiff testified that, after the initial pins were set, the Defendant was not satisfied and directed that the proposed boundary lines be adjusted.

The Plaintiff had the surveyor adjust the boundary lines, and the plat was completed on October 21, 2005. (Plaintiffs Exhibit 1.) Plaintiff testified that, in October 2005, he asked the Defendant to sign the plat. The Plaintiff acknowledged that the Defendant refused to sign the plat and a deed was never prepared. The construction continued until the addition was completed the middle of 2006.

The Defendant disputed the Plaintiffs recitation of the facts. The Defendant testified that the male Plaintiff approached him about purchasing land and that the Defendant told the Plaintiff that "he might end up with it." He further testified that he thought about leaving the land to his Nephew in a will. The Defendant testified that, at no time, did he say he was going to gift it to him.

The Court finds that, based upon the testimony of the witnesses, the Defendant made a vague promise to give the land in question, but did not specify when. The Plaintiff interpreted Defendant's statement to mean an immediate definite gift.

*Opinion*

Plaintiffs seek enforcement of a parol gift or promise to make a gift of land and request the Court enter an order directing the Defendant to execute and deliver a deed of conveyance to complete the promised gift of land. Plaintiffs assert that, in reliance on the promised gift, they had a survey conducted, a plat prepared, and built an addition to their land. The Plaintiffs allege that the Defendant his breached the "agreement."

The decision in this case is governed by the holding in *Wohlford v. Wohlford,* 121 Va. 699 (1917). In *Wohlford,* the plaintiff alleged that his father induced him to leave and sell his own farm, move to land owned by his father known as the Nye Place, and apply the proceeds from the sale of his, plaintiff's, farm to the Nye Place together with his labor to make improvements thereupon, all in exchange for a promise that the father would give the Nye Place to him upon his death. The court, in *Wohlford,* stated:

> Prior to May 1, 1888, the date upon which the Code of 1887 took effect, a parol gift or a promise of a gift of land, to be consummated by deed, if followed by improvements on the land, was enforceable under the doctrine of such cases as *Halsey v. Peters,* 79 Va. 60. . . . But in view of the history and apparent purpose of section 2413 of the Code of Virginia, which first made its appearance in the Code of 1887, no such contract is now enforceable. That section provided that no right to a conveyance of an estate of inheritance or freehold, or for a term of more than five years in lands, shall "accrue to the donee of the land, or those claiming under him, under

a gift or promise of gift of the same hereafter made and not in writing, although such gift or promise be followed by possession thereunder and improvement of the land by the donee, or those claiming under him."

*Wohlford* at 703.

The court held in *Wohlford* that the prior law permitting enforcement of an oral promise to gift land was abolished by statute, Va. Code of 1887, and held that, without a writing, the promised gift was unenforceable despite very compelling facts.

The Court finds that the matter now before the Court is controlled by a Statute with almost identical language as the Statute of 1887 construed in *Wohlford.* The current version of § 55-2 of the Code of Virginia provides:

No estate of inheritance or freehold or for a term of more than five years in land shall be conveyed unless by deed or will, nor chair any voluntary partition of land by coparceners, having such an estate therein, be made, except by deed, *nor shall any right to a conveyance* of any such estate or term *in land accrue to the donee of the land* or those claiming under him, *under a gift or promise of gift of the same not in writing, although such gift or promise be followed by possession thereunder and improvement of the land by the donee* or those claiming under him.

(Emphasis added.)

In the instant case the Plaintiffs argue that the Defendant agreed to give them land and in reliance thereupon they had a survey conducted and plat prepared. Plaintiffs did make improvements to land, however, this was the construction of an addition to Plaintiffs' house (on Plaintiffs' own land) rather than on the land that they claim the Defendant promised to gift to them. Therefore, based upon the holding in *Wohlford,* the court finds that enforcement of the oral promise to gift land is barred by § 55-2 of the Code of Virginia.

The Plaintiffs also argue that, because the completed addition to their home violates the county setback, that to avoid this harsh result that they are entitled to equitable relief of specific performance of the oral promise of gift notwithstanding the provisions of § 55-2. However, the decisions in *Wohlford, supra; Brooks v. Clintsman,* 124 Va. 736 (1919); and *Clarkson v. Bliley,* 185 Va. 82 (1946), make it clear that, even in equity, courts are not granted the authority to force the donor to complete an incomplete gift unless the promise to make the gift is in writing § 55-2.

In the alternative, the Plaintiffs argue that, if a writing is required by § 55-2, they have satisfied that requirement, because of the preparation of the plat. However, the Plaintiffs presented the plat to the Defendant, and he

refused to sign. No deed or other writing was prepared. The Plaintiffs argue that the unsigned plat satisfies the writing requirement of § 55-2. In support of their position, the Plaintiffs cite *Creed v. Goodson,* 153 Va. 98 (1929), dealing with a promised gift of real estate. However, the Plaintiffs' reliance on Creed is misplaced, because the Supreme Court in that case found there was a writing confirming the promised gift in that case. In *Creed,* the court held that:

> The "writing of 1899" is undoubtedly very crudely drawn, but the intention of the parties we think is quite clear and their subsequent conduct rendered the writing sufficiently clear to entitle R. S. Goodson to a conveyance of the land referred to therein . . . that there was not only a writing, but a survey of the tracts which the grantor intended his son, R. S. Goodson, should have.

*Creed,* at 105.

> The circumstances attending the drawing of the "writing of 1899" were both unique and significant. On January 25, 1899, T. R. Goodson, father of the parties to this suit, called in two of his neighbors, Jonathan Davis and T. M. Baker, and told them that he wanted to make a deed to Roby Goodson for certain real estate. He then took these witnesses and pointed out to them the exact boundaries of the land which he expected Roby Goodson to have. After doing this, they returned to the house, and, there, one of the witnesses drew up the paper which T. R. Goodson and his wife signed, sealed, acknowledged, and delivered, and which paper was afterwards proven before the clerk of the Circuit Court of Grayson County and admitted to record.

*Creed,* at 107.

The holding in *Creed* found the writing signed by the donor and his wife to be legally sufficient under the Statute of 1887. In the case at bar, the survey was prepared at the request of the Plaintiffs, not signed by the Defendant, and, therefore, does not satisfy the writing requirement of § 55-2.

The Plaintiffs then argue that this case should be decided by the Statute of Frauds, § 11-2 of the Code of Virginia, and then the Plaintiffs set forth arguments to bar the application of the Statute of Frauds. The Court finds that this case is controlled by § 55-2 and not § 11-2, but will, nevertheless, address each of the arguments presented.

First, the Plaintiffs argue that they are able to get around § 11-2 of the Code of Virginia as they argue that the Statute of Frauds deals with

the validity of the agreement, but not its enforcement. The Plaintiffs cite numerous cases, but none deal with a parol gift or promise of a gift of land, which is specifically governed by § 55-2.

The Plaintiffs next argue that they have completed partial performance and that avoids the bar of the Statute of Frauds. However, the case at bar is not a contract case and there was no consideration given to the Defendant in exchange for the purported promise to gift land. Quite the contrary, the preparation of the plat and the constriction of the addition to the Plaintiffs' home on the Plaintiffs' own land in no way ensues to the benefit of the Defendant. The plat was prepared at the direction of the Plaintiffs in anticipation of a gift.

The Plaintiffs next argue detrimental reliance to avoid the bar of the Statute of Frauds. However, even if detrimental reliance would compel or permit the court to order completion of the "promised gift," the Court finds there was no detrimental reliance in that case. The building permit was obtained on September 9, 2005. (Plaintiffs' Exhibit 2.) Upon obtaining the building permit, the Plaintiffs immediately began construction on the foundation. The plat with the proposed boundary line was completed October 21, 2005. (Plaintiffs' Exhibit 1.) Upon the Plaintiffs' presenting the plat in October 2005, the Defendant refused to sign the plat. Nonetheless, even after the Defendant refused to sign the plat in October 2005, the Plaintiffs proceeded with the construction of the addition to their home, which they completed late in 2006.

The construction of the foundation prior to the completion of the plat cannot be construed as detrimental reliance as the proposed boundary line had not been determined at that time. The continued construction after the Defendant refused to sign the plat in October 2005 cannot be detrimental reliance, as the Defendant's refusal to sign the plat in October 2005 put the Plaintiffs on notice that the gift would not be forthcoming. Curiously, the Plaintiffs stated that, when the Defendant refused to sign the plat in October 2005 he "did not know that he [his uncle] would not sign." The Plaintiffs nonetheless went ahead with construction of the addition that was completed in 2006. The Plaintiffs cannot rely upon the argument of detrimental reliance based upon the facts in this case.

The Plaintiffs also makes the argument that the Defendant should be prevented by equitable estoppel from relying upon the Statute of Frauds. However, the Plaintiffs cannot rely on equitable estoppel when they continued to build after the Defendant refused to sign the plat.

As stated above, all of the arguments of the Plaintiffs concerning the Statute of Frauds under § 11-2 as to specific performance, detrimental reliance, and equitable estoppel are not persuasive as the case is governed by § 55-2.

*Holding*

For the foregoing reasons, the Court finds that, pursuant to § 55-2 of the Code of Virginia, that an oral promise to convey land cannot be compelled without a writing signed by the donor, that there is no writing signed by the donor in this case, and, therefore, the Plaintiff's claim for specific performance is denied, and the Complaint is dismissed.

By stipulation of counsel, it was agreed that, if the Court were to dismiss the Complaint, then the Court could rule on the Defendant's Counterclaim seeking removal of personal property from Defendant's land without any further testimony. In that the Court has dismissed Plaintiffs' claim for enforcement of a parol gift, the Court orders the Plaintiffs must remove any and all personal property encroaching upon the Defendant's land. The Court grants the Plaintiffs until April 1, 2016, to remove the property. The deadline of April 1, 2016, for removal of personal property is selected to avoid injury to the Plaintiffs, as well as damage to the land of the Defendant, because of the extreme wet weather conditions.